<pre>
                    UNITED STATES DISTRICT COURT

                   CENTRAL DISTRICT OF CALIFORNIA


ALFRED CABALLERO,              )    NO. CV 09-558-JFW(E)
                               )
              Plaintiff,       )
                               )
     v.                        )    ORDER TO SHOW CAUSE
                               )
GONZALEZ, MORALES,             )
                               )
              Defendants.      )
_____)
</pre>

**BACKGROUND**

Plaintiff, a state prisoner proceeding <u>pro se</u>, filed this civil rights action for damages on January 27, 2009, against Los Angeles Sheriff's Deputies Gonzalez and Morales, sued in their official and individual capacities. On February 4, 2009, the Court issued an Order dismissing the Complaint with leave to amend. On April 2, 2009, Plaintiff filed a First Amended Complaint, alleging claims against Defendants Gonzalez and Morales in their individual capacities only. On April 7, 2009, the Court issued an Order directing service of process by the United States Marshal on Defendants Gonzalez and Morales in their individual capacities.

Two "Process Receipt and Return" documents (United States Marshals Service Form 285's) were filed on May 11, 2009. These documents indicated that, due to Plaintiff's failure to provide the Defendants' full names, the Marshals Service had been unable to serve Defendants Gonzalez and Morales.[1] On May 15, 2009, Plaintiff filed a document entitled "Motion the Court to Divulge Full Names of Defendants," appearing to seek an order requiring Defendants' employer to divulge the Defendants' full names. On May 15, 2009, the Court issued a Minute Order denying the Motion without prejudice. The Magistrate Judge advised Plaintiff that, because Defendants' employer was not a party to the action and had not been served with any process, the Court lacked authority to issue the requested order.

On June 1, 2009, Plaintiff filed a document entitled "Motion 2nd Amended Complaint Adding Employer of Defendants On Official Capacity, on the grounds of obtaining defendants['] full names." On June 1, 2009, the Magistrate Judge issued a Minute Order permitting Plaintiff to file a Second Amended Complaint stating claims against all Defendants whom Plaintiff wished to sue.

On July 7, 2009, Plaintiff filed a Second Amended Complaint. The Second Amended Complaint named Defendants Deputies Gonzalez and Morales in their individual and official capacities. The Second Amended Complaint also named as new Defendants: the Los Angeles County

---

[1] The "Process Receipt and Return" forms reflect that Plaintiff provided only Defendants' last names, and identified Defendants' address as the Los Angeles County Board of Supervisors' Office, not the jail at which Defendants allegedly worked.

1  Board of Supervisors, the Los Angeles County Sheriff's Department,
2  Los Angeles County Sheriff Lee Baca, Los Angeles County Counsel
3  Raymond G. Fortner, Jr., Los Angeles County Deputy County Counsel
4  H. Anthony Nicklin, and unidentified supervisors in the Sheriff's
5  Department and Board of Supervisors' Office.  However, the Second
6  Amended Complaint contained no charging allegations against any
7  Defendant other than Defendants Gonzalez and Morales, and sought
8  relief against Defendants Gonzalez and Morales only.  In the pleading,
9  Plaintiff asserted that he sued the Defendants other than Gonzalez and
10 Morales in order "to give the court authority to compell [sic]
11 disclosures, and serve complaint and summons" (Second Amended
12 Complaint, p. 2).

     On July 15, 2009, the Court issued an Order dismissing the Second
15 Amended Complaint and the action as against Defendants Los Angeles
16 County Board of Supervisors, Los Angeles Sheriff's Department,
17 Los Angeles County Sheriff Lee Baca, Los Angeles County Counsel
18 Raymond G. Fortner, Jr., Los Angeles County Deputy County Counsel
19 H. Anthony Nicklin, and the unidentified supervisors in the Sheriff's
20 Department and Board of Supervisors' Office.  The Court ordered that
21 the action would proceed only on the claims against Defendants
22 Gonzalez and Morales alleged in the Second Amended Complaint, in their
23 individual capacities only.  The Court also advised Plaintiff, <u>inter
24 alia</u>, that Plaintiff bore the responsibility to provide the United
25 States Marshals Service with the information necessary to effect
26 personal service upon Defendants Gonzalez and Morales.  The Court
27 indicated that, to obtain this information, Plaintiff could use
28 whatever resources and means were available to him, including but not

1  limited to: (1) contacting persons whom Plaintiff believes were
2  witnesses to the alleged incident which forms the basis for this
3  action; (2) contacting Plaintiff's prior counsel; (3) obtaining from
4  the appropriate source or sources copies of jail records concerning
5  the alleged incident, including but not limited to records of
6  Plaintiff's alleged administrative grievance, Plaintiff's alleged jail
7  interview, or medical records; and/or (4) utilizing the subpoena
8  procedure authorized by Rule 45 of the Federal Rules of Civil
9  Procedure.[2]

11      On July 16, 2009, the Court issued an Order Directing Service of
12 Process of the Summons and Second Amended Complaint on Defendants
13 Gonzalez and Morales.  Two "Process Receipt and Return" documents
14 (United States Marshals Service Form 285's) were filed on August 25,
15 2009.  These documents indicate that the Marshals Service was unable
16 to serve Defendants Gonzalez and Morales because Plaintiff did not
17 provide correct addresses for the Defendants.  The Form 285's indicate
18 that Plaintiff requested that the Marshals Service serve Defendants by
19 serving Los Angeles County Counsel Raymond G. Fortner, Jr. at the
20 County Counsel's office.  Attached to the Form 285's are two emails to
21 the Marshals Service from a representative of the County Counsel's
22 office, stating that the County Counsel's office had received by mail
23 "two attempted service of process on two Sheriff's Deputies who were

---

[2] The Court also advised Plaintiff, however, that Plaintiff would be responsible for tendering any appropriate witness fees should Plaintiff elect to use the Rule 45 subpoena procedure to compel the attendance of a witness at deposition. See Tedder v. Odel, 890 F.2d 210 (9th Cir. 1989) (civil rights plaintiff proceeding in forma pauperis is not exempt from requirement that witness fees be tendered with subpoena).

4

identified by last name only." The emails state that the County Counsel's office was not authorized to accept service of process for Defendants, and that it would be difficult to identify the persons to be served by last name only.

**DISCUSSION**

Under Rule 4(m) of the Federal Rules of Civil Procedure, a court may dismiss an action without prejudice if the summons and complaint are not served on the defendants within 120 days after filing the Complaint or such further time as ordered by the court. See Efaw v. Williams, 473 F.3d 1038, 1041 (9th Cir. 2007). A district court also has inherent power to dismiss an action for failure to prosecute. Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962).

A pro se prisoner plaintiff is entitled to rely upon the United States Marshals Service to effect proper service. See Pruett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990). However, it is the plaintiff's responsibility to provide the Marshals Service with information necessary to identify each defendant to be served. See Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994), abrogated on other grounds, Sandin v. Conner, 515 U.S. 472 (1995); Brush v. Harper, 2009 WL 256380, at *1 (E.D. Cal. Feb. 3, 2009), report and recommendation adopted, 2009 WL 902265 (E.D. Cal. Apr. 1, 2009); Schrubb v. Tilton, 2009 WL 113022, at *2 (N.D. Cal. Jan. 16, 2009). It appears that Plaintiff has failed to provide the Marshals Service with information sufficient to effect timely service of process on the Defendants.

**ORDER**

IT IS THEREFORE ORDERED that, within thirty (30) days from the date of this Order, Plaintiff shall show cause in writing why the action should not be dismissed without prejudice for failure to effect service of process within the time specified in Rule 4(m) of the Federal Rules of Civil Procedure.  Failure to file timely a written response to this Order may result in dismissal of this action for failure to effect service of process within the time specified by Rule 4(m) of the Federal Rules of Civil Procedure and for failure to prosecute.

IT IS SO ORDERED.

DATED:   September 21, 2009.

_____/S/_____
                       CHARLES F. EICK
              UNITED STATES MAGISTRATE JUDGE